# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cr131

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| GLENN HOWIE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Notice of Appeal and Motion to Revoke Detention Order (#9). Defendant is charged in a Bill of Indictment (#1) with two counts of bank robbery by force, violence, and intimidation. The Grand Jury has charged that defendant robbed the same bank on two dates and that during the second robbery, he allegedly used and carried a firearm in furtherance of such crime of violence. Id.

In addition to the charges in this action, the government proffered at the detention hearing that defendant has another pending bank robbery charge in South Carolina. FTR Recording; Order of Detention (#6). At the conclusion of the detention hearing, Honorable David S. Cayer, Unites States Magistrate Judge, determined that there was probable cause to believe that defendant committed an offense under 18 U.S.C. § 924(c), that defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, and that there is a serious risk that the defendant will endanger the safety of another person or the community. Id.

In moving to revoke the Order of Detention, defendant argues that the court should consider

> his age, lack of criminal history, recent employment, and stable residence with family, coupled with the suggestion that these alleged acts arose from a temporary psychiatric condition that has passed, [which] all point to a lack of any risk of non-appearance or danger to the community.

Motion to Revoke (#9), at ¶ 7. Defendant also raises concerns over whether there is evidence that he actually used a gun in the second robbery, arguing that the guns found in his home were lawfully owned by either him or his father and that a distinction should be noted as to the gun found in his personal car, as it was his employer's work truck which he allegedly used in the robbery. Id., at ¶ 4. He goes on to argue that the weakness of the government's evidence of use of a firearm in the second robbery also "undercuts any argument that he ever presented an actual physical danger" to the bank teller. Id., at ¶ 8. Inasmuch as the pleadings submitted by defendant, the Order of Detention, the Bill of Indictment, and the FTR recording of the detention hearing adequately address the issues underlying defendant's detention, oral arguments and further briefing would not aid the decision-making process.

The court has carefully considered defendant's arguments. While the thrust of defendant's argument is that such robberies were aberrant behavior caused by contraindicated or mis-prescribed medications, the fact remains that probable cause exists to believe that this defendant committed multiple crimes of violence, told a teller he had a gun, and threatened to take that person's life if his demands were not met. Indeed, defendant made a similar argument to Judge Cayer. While defendant argued at the hearing that his mental condition at the time of the alleged offenses should mitigate against detention, the government argued in response that such mental state also supported detention.

As to the Section 924(c) charge, whether the government will ultimately be able to prove beyond a reasonable doubt that defendant used and carried a firearm in the second bank robbery is of little consequence at this stage. The Grand Jury has clearly found

probable cause to believe that such occurred. What is important at this point is that in addition to that charge, the government has presented clear and convincing evidence that defendant threatened to take the life of a teller and passed a note indicating that he then possessed the means to carry out that threat. Such a threat would have caused a reasonable person to fear death, regardless of whether defendant actually possessed a gun.

Review of a magistrate judge's Order of Detention is governed by 18, United States Code, Section 3145(b)&(c), which provides as follows:

> **(b) Review of a Detention Order.**— If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The Magistrate Judge's determination that defendant should be detained pending trial is fully supported by the record, which provides clear and convincing evidence that this defendant poses a danger to the community.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Notice of Appeal and Motion to Revoke Detention Order (#9), having been fully considered, is **DENIED** and the court reaffirms and adopts the Order of Detention entered by the Magistrate Judge Cayer in this matter as it is fully supported by the record, is consistent with law, and supported by clear and convincing evidence.

Signed: May 29, 2012

Max O. Cogburn Jr.
United States District Judge